IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| BRICKLAYERS LOCAL #8 OF ILLINOIS AND EMPLOYERS PENSION PLAN TRUSTEES, DAVID TOENJES, WILLIAM O'KANE, JAMES BLANEY, JASON MORGAN, MARC LANDERS, KEVIN KENNEDY, BRIAN NEVERMAN, JIM MEEK, STEVEN MORTHOLE, EDGAR HUMM, and KURT BAUM, Trustees, <br><br> and <br><br> CENTRAL ILLINOIS BRICKLAYERS WELFARE PROGRAM OF THE SOUTHWEST ILLINOIS BRICKLAYERS WELFARE FUND DAVID TOENJES, JOHN D. MOORE, DENNIS R. HUMMERT, MATT BRAUN, JEFF BECKER, RODNEY VASQUEZ, MARK VASQUEZ, and GREG SCHNIERS, Trustees, <br><br>   Plaintiffs, <br><br>   v. <br><br> ENGLISH BROTHERS COMPANY, an Illinois corporation, <br><br>   Defendant. | Case No.: |

## **COMPLAINT**

COME NOW Plaintiffs, by and through their attorneys, and allege and state as follows:

1. Jurisdiction of this cause of action and the parties hereto is conferred upon this Court by subsections (a), (b) and (c) of Section 301 of the Labor Management Relations Act of 1947, as amended (29 U.S.C. §185).

2.     Jurisdiction of this cause of action and the parties hereto is conferred upon this Court by Sections 502(e)(1) and 502(f) of the Employee Retirement Income Security Act of 1974, P.L. 93-506, 29 U.S.C. §1132(e)(1) and (f), sometimes hereinafter referred to as "ERISA."

3.     Plaintiff Bricklayers Local #8 of Illinois and Employers Pension Plan ("Bricklayers 8 Pension") is an employee benefit plan within the meaning of Section 3(3) and Section 502(d)(1) of ERISA and is a multiemployer plan within the meaning of Section 3(37)(A) of ERISA.  Plaintiffs David Toenjes, William O'Kane, James Blaney, Jason Morgan, Marc Landers, Kevin Kennedy, Brian Neverman, Jim Meek, Steve Morthole, and Edgar Humm are members of the Joint Board of Trustees of the Pension Plan and as such are fiduciaries within the meaning of Section 502(a) and Section 502(d)(1) of ERISA.

4.     Plaintiff Central Illinois Bricklayers Health & Welfare Program of the Southwest Illinois Bricklayers Health & Welfare Fund (hereinafter "the Welfare Fund") is an employee benefit plan within the meaning of Section 3(3) and Section 502(d)(1) of ERISA and is a multiemployer plan within the meaning of Section 3(37)(A) of ERISA.  Plaintiffs David Toenjes, John D. Moore, Dennis R. Hummert, Matt Braun, Jeff Becker, Rodney Vasquez, Mark Vasquez, and Greg Schniers are the members of the Joint Board of Trustees of the Welfare Fund, which administers said Welfare Fund and as such are fiduciaries within the meaning of Section 502(a) and Section 502(d)(1) of ERISA.

5.     At all material times, defendant was an Illinois corporation in good standing.

6.     Defendant at all times material hereto employed members of the Union in the general business of masonry and brick construction and repair and related activities, and was engaged in activities affecting commerce within the meaning of subsections 2(6) and 2(7) of the

Labor Management Relations Act of 1947, as amended (29 U.S.C. §152) and within the meaning of subsection 3(12) of ERISA.

7. At all relevant times, defendant has been bound by a collective bargaining agreement with the Union.

8. The collective bargaining agreement requires defendant to remit monthly report forms and monthly payments to the Bricklayers 8 Pension Plan and Welfare Fund in specified amounts.

9. The Collection Policies and Procedures as adopted by the Trustees provide that a delinquent employer is required to pay liquidated damages, interest, attorney's fees, court costs, and auditor fees. Interest, penalties and attorneys' fees are also required by Section 502(g)(2) of ERISA (29 U.S.C. §1132(g)(2)).

10. The collective bargaining agreement permits plaintiffs to audit the books and records of defendant.

11. Defendant has failed to submit fringe benefit reports or contributions.

12. It is impossible to determine the amount of contributions owed absent a financial examination.

WHEREFORE, plaintiffs pray the Court as follows:

1. For an interlocutory order of accounting requiring defendant to submit its books and records to an accountant selected by plaintiffs to determine the amounts owed to plaintiffs;

2. For a judgment against defendant based upon the findings of the audit;

3. For an order requiring defendant to make payments in the future to the employee benefit funds in accordance with the terms and provisions of the collective bargaining agreement, and such collective bargaining agreements as may be negotiated and executed in the future;

4.	For interest, liquidated damages, costs, accounting fees and reasonable attorneys' fees pursuant to 29 U.S.C. §1132(g);

5.	For such other and further relief as the Court may consider appropriate under the circumstances.

>	Respectfully submitted,
>
>	HAMMOND and SHINNERS, P.C.
>	13205 Manchester Road, Suite 210
>	St. Louis, Missouri  63131
>	Phone: (314) 727-1015
>	Fax:    (314) 727-6804
>
>	/s/ Greg A. Campbell_____
>	GREG A. CAMPBELL, #2774
>	Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 20, 2017, the foregoing was electronically filed with the U.S. District Court, and a copy was mailed by certified mail, return receipt requested to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C.  20013 and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, D.C.  20220.

>	_____/s/ Greg A. Campbell_____